COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


LARRY RAMIREZ MILLER

v.       Record No. 1986-93-1

COMMONWEALTH OF VIRGINIA
                                     MEMORANDUM OPINION[*] BY
and                                  JUDGE JERE M. H. WILLIS, JR.
                                           JUNE 13, 1995
LARRY RAMIREZ MILLER

v.       Record No. 2091-93-1

COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge


           George H. Yates for appellant.

           Michael T. Judge, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.



     The judgments of the trial court are affirmed.

                                 I.

     Miller contends that the trial court erred in instructing

the jury that the self-inculpatory testimony of his brother,

Robert Miller, could not be used by the Commonwealth in

prosecuting charges against Robert.  Miller further contends that

the trial court erred in instructing the jury that the testimony

of Robert's wife, Cheryl, could not be used by the Commonwealth

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in prosecuting charges against Robert.

When the two questioned instructions were proposed by the Commonwealth, the following dialogue occurred between the court and defense counsel:

> MR. YATES (defense counsel): I had a couple other objections, Your Honor. Mr. Alberi has gone back and now wants the court to instruct the jury in his testimony witnesses committed one or more crimes. Unless that witness was testifying in his own behalf, his testimony in this trial cannot be used as evidence against him. That is quoting right from a statute. It is the law.
>
> THE COURT: Are you objecting to it?
>
> MR. YATES: I'm objecting to it, Your Honor.
>
> THE COURT: What basis? I think that is a proper instruction because it deals with the credibility of your witness. The jury should know that.
>
> MR. YATES: All right, Your Honor. There is a marital privilege instruction here.
>
> THE COURT: Right. I think that affects the credibility of another one of your witnesses. I'm going to give that also.

At no time did defense counsel state any ground for his objection to either instruction. Therefore, we will not consider on appeal arguments challenging the correctness of those instructions. Rule 5A:18.

We find no cause to invoke the ends of justice exception to the application of Rule 5A:18. The two instructions were correct statements of the law and properly addressed the credibility of the witnesses.

II.

Miller contends that because his malicious wounding conviction was the basis for the revocation of the suspension of a previous sentence, that revocation should be reversed.  Because we find no error in the malicious wounding conviction, we find no error in the revocation of the suspension of Miller's earlier sentence.

The judgments of the trial court are affirmed.

<u>Affirmed</u>.